UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| BARRY LYNN THOMAS, | ) | CASE NO. 5:09 CV 2718 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| MICHELLE MILLER, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

On November 19, 2009, petitioner *pro se* Barry Lynn Thomas filed the above-captioned petition for writ of habeas corpus under 28 U.S.C. § 2254. Thomas is incarcerated at the Belmont Correctional Institution, having been convicted of sexual battery in 2005. For the reasons stated below, the petition is denied and this action is dismissed.

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In addition, petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254(b).

It is evident on the face of the petition that Thomas has yet to exhaust his state court remedies, as there is no indication he has pursued a direct appeal to the Ohio Supreme Court.[1] The

---

[1] Petitioner's state habeas action is facially insufficient for purposes of exhaustion, as such an action may be pursued solely to challenge jurisdiction of the trial court. Ohio Rev.Code § 2725.05.

petition is thus premature.[2]

Accordingly, this action is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability.  Fed.R.App.P. 22(b); 28 U.S.C. § 2253.

IT IS SO ORDERED.


DATE: January 15, 2010                /s/ John R. Adams
                                      JOHN R. ADAMS
                                      UNITED STATES DISTRICT JUDGE

---

[2] The court expresses no opinion concerning whether or not petitioner procedurally defaulted in the state court.